CUDAHY, Senior Circuit Judge,
concurring in part and dissenting in part:
I agree that the 2002 Contract was supplanted by the 2003 Contract and that Health-Chem’s financial obligations under the former agreement were “terminated” when the new agreement took effect. There is no doubt that both parties wanted to get out of what they perceived to be a bad deal. I write separately, however, to clarify a matter I do not believe that the panel opinion squarely addresses: What happens to direct obligations between the contracting parties that resulted from transactions completed while the 2002 Contract was in effect and there was no 2003 Contract? As this question arises here, what is the status of debts already owed to Aronowitz by Health-Chem and recorded in the books?
The panel opinion deals clearly with this question insofar as it involves obligations to third parties: Goods or services delivered before the date of the 2003 Contract are to be the obligation of Health-Chem, while goods or services delivered after the 2003 Contract are to be the obligation of the recipient. But the panel opinion may be interpreted to assume that the 2003 Contract cancels and extinguishes even past debts between the parties not involving third parties. The opinion leans heavily on a clause from the 2003 Contract that states that it “terminates all financial obligations” of Health-Chem to Aronowitz, but in context the meaning of this language is far from self-evident. I do not believe that the concept of “terminating” a contract necessarily implies the cancellation of debts already on the books. It is certainly a stretch to make that language also mean that all the royalties that Health-Chem owed Aronowitz under the 2002 contract are forgiven and need not be paid. That is the kind of language I would expect to see before concluding that debts, *1244 once owed, are now forgiven. The transactions in question are history; they are not to be undone by a new deal unless there is explicit language purporting to do so.
Contracts are generally prescriptions for the future, not the past. That is how I would interpret the 2008 Contract. I think that the effect of the “termination” language is to end the obligation to make further payments. In fact, this is what the parties stipulated. They expressly specified in the opening language of the 2003 Contract that the intent of the agreement was to “cease further funding” of the Diagnostics Division. This statement of intent should guide our interpretation of the “termination” clause. In fact, Health-Chem actually conceded throughout the litigation that it still owed Aronowitz money under the 2002 Contract for the prior use of his patents. Health-Chem did not claim that this debt had been extinguished; it simply disagreed about how much was owed. I see nothing to suggest that such debts have been cancelled by the 2003 Contract. Accordingly, I would reverse the district court’s judgment with respect to the 2002 beach of contract claims but in all other respects I join the opinion of the panel.